UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN L. CERVANTES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DALIZU ELSEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00811-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.  INTRODUCTION

Plaintiff who is currently in custody at Sonoma County's Main Adult Detention Facility ("MADF"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  This suit was reassigned from a magistrate judge to the undersigned in light of a Ninth Circuit decision.[1]  Plaintiff also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at MADF, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).  Plaintiff names the following defendants from MADF or from MADF's medical care provider, "Wellpath": Wellpath Physicians Dalizu Elsen, Niloofar Fadaki and Michael L. Medvin; MADF Lieutenant Jason Squires; and Sonoma County Sheriff Eddie Engram.  Dkt. 1 at 2.[2][3]  Plaintiff seeks only injunctive relief because he requests to "get [his] right medical treatment everywhere [he] go[es]."  *Id.* at 3.

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

[2] Page number citations refer to those assigned by the Court's electronic case-management filing ("ECF") system and not those assigned by plaintiff.

[3] The Court corrects the spelling of the names (in **bold**) of the following defendants on its ECF system as: ***Dalizu*** Elsen and Michael L. ***Medvin***.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally

"is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. *Jett*, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

### B.     Analysis

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Moreover, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show

3

1   that the defendant proximately caused the deprivation of a federally protected right. *See Leer*, 844
2   F.2d at 634. As explained above, a supervisor may be liable under section 1983 only upon a
3   showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal
4   connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*,
5   942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section
6   1983. *Taylor*, 880 F.2d at 1045.

7   Here, plaintiff raises several claims relating to his confinement at MADF from 2022 to
8   2023,[4] including: a denial of medical treatment by defendants Elsen, Fadaki and Medvin; and a
9   denial of access to the courts. Dkt. 1 at 2-3.

### 1.     Convicted Prisoner vs. Pretrial Detainee

11  First, it is not clear from plaintiff's filings whether he is a convicted prisoner or a pretrial
12  detainee. Inmates who sue prison officials for damages for injuries suffered while in custody may
13  do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet
14  convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S.
15  520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en
16  banc). But under both clauses, the inmate must show that the prison official acted with deliberate
17  indifference. *Id*. at 1068. The Constitution does not mandate comfortable prisons, but neither
18  does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

19  The treatment a prisoner receives in prison and the conditions under which he is confined
20  are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31
21  (1993). The Amendment imposes duties on these officials, who must provide all prisoners with
22  the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal
23  safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489

---

[4] In his complaint, plaintiff includes a reference to a "lab test from 4-02-2021." Dkt. 1 at 3. However, immediately prior to this reference, plaintiff indicates that he discussed his lab test with defendant Elsen on "04-19-2022 and 02-17-23." *Id.* at 2. In addition, most of the dates in plaintiff's complaint span from 2022 to 2023. *See id.* at 2-3. Thus, it seems plaintiff made a typographical error when he wrote "4-02-*2021*." Because the Court will be dismissing this complaint with leave to amend, plaintiff must carefully indicate the **specific dates** of any alleged constitutional violation in his Amended Complaint.

1    U.S. 189, 199-200 (1989).  A prison official violates the Eighth Amendment when two

2    requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious,

3    *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison

4    official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

5          When a pretrial detainee challenges conditions of his confinement, the proper inquiry is

6    whether the conditions amount to punishment in violation of the Due Process Clause of the

7    Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does

8    not acquire the power to punish with which the Eighth Amendment is concerned until after it has

9    secured a formal adjudication of guilt in accordance with due process of law.  Where the State

10   seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due

11   Process Clause of the Fourteenth Amendment.'"  *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651,

12   671-72 n.40 (1977)).  The state may detain a pretrial detainee "to ensure his presence at trial and

13   may subject him to the restrictions and conditions of the detention facility so long as those

14   conditions and restrictions do not amount to punishment or otherwise violate the Constitution."

15   *Id.* at 536-37.  If a particular condition or restriction of pretrial detention is reasonably related to a

16   legitimate governmental objective it does not, without more, amount to punishment.  *See id.* at

17   539.  Because the Court is granting plaintiff leave to amend his claims below, it directs plaintiff to

18   indicate in his Amended Complaint whether he is a pretrial detainee or a convicted prisoner.

19         **2.**      **Legal Claims**

20         In essence, plaintiff alleges that defendants Elsen, Fadaki, and Medvin were deliberately

21   indifferent to his medical needs because they failed to give him proper treatment for his "critical

22   conditions." Dkt. 1 at 2-3.  But plaintiff fails to specify the ailment/injury causing his "critical

23   conditions" or to elaborate on what treatment he expected to receive from these defendants.  *Id.*

24   Plaintiff also claims that defendant Medvin "touch[ed] [plaintiff] inappropriately on 12-22-2022,"

25   but such a conclusory allegation is insufficient to state a cognizable claim.  Meanwhile, as to

26   plaintiff's claim of a denial of access to the courts, he claims that unnamed jail officials lost his

27   legal mail and he "lost [his] case because [of] that." *Id.* at 3.  However, plaintiff fails to elaborate

28   on basic information relating to his access to the courts claim.  He indicates that he had "never

1 received [his] answer from his habeas corpus [case]," but he does not clarify whether this habeas
2 case was the case he "lost." *See id.* He also fails to indicate the date his legal mail was lost or
3 explain how the loss of such mail led to the loss of his case. *See id.* Nor does plaintiff link any of
4 the named defendants to this claim. Thus, plaintiff has failed to set forth sufficient allegations that
5 could state a claim, and his complaint is DISMISSED with leave to amend the aforementioned
6 claims to provide more information.

### a. Joinder Issues

Even if plaintiff successfully pleads actionable amended claims, he should ensure that his claims comply with Federal Rule of Civil Procedure 20(a). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To comply with these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* Plaintiff's allegations relating to his claims of a denial of medical treatment seem to arise out of a different series of transactions than his allegations regarding a denial of access to the courts. If plaintiff opts to amend his complaint, he is cautioned that he may ***only*** allege claims (including any new claims) that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, ***and*** (b) present questions of law or fact common to all defendants named therein. For his Amended Complaint, plaintiff needs to choose claims that also meet the joinder requirements. Unrelated claims that do not the joinder requirements may be alleged in a separate lawsuit.

If plaintiff wishes to amend his claims with ones that comply with the joinder requirements of Federal Rule of Civil Procedure 20(a), then the Court will allow him leave to prepare a proper Amended Complaint consistent with federal pleading standards. Plaintiff is advised that for each claim, he must, to the best of his ability, specifically identify each defendant, and specify what

6

constitutional right he believes each defendant has violated. Importantly, plaintiff must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability. As mentioned above, a person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he commits an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See id* at 634.

### b.        Claims Against Defendants Squires and Engram

Furthermore, the Court notes that plaintiff has not stated a cognizable constitutional claim against either defendant Squires or defendant Engram. Dkt. 1 at 3.

Plaintiff's only claim against defendant Squires is that defendant Squires: "lie[d] on his declaration on 08-16-2022 about everything he said about . . . [plaintiff] never received any legal help from this deput[y] or someone who works for this jail." *Id.* It is unclear what claim plaintiff is trying to raise here, if any. Thus, plaintiff fails to set forth sufficient allegations that could state a claim against defendant Squires, as such any claims against this defendant is DISMISSED with leave to amend to correct this deficiency, if possible.

Plaintiff sues defendant Engram (the Sonoma County Sheriff) in his supervisory capacity. *See id.* Plaintiff does not allege facts demonstrating that defendant Engram violated his federal rights, but seems to claim defendant Engram is liable based on the conduct of defendant Engram's supervisees. However, under section 1983, a supervisor is not automatically liable for the conduct or omissions of their subordinates. *See Taylor*, 880 F.2d at 1045. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446. Here, plaintiff fails to state any such allegations, and thus he fails to state a cognizable supervisorial liability claim against defendant Engram.

7

        **c.**        **Exhaustion Issues**

Lastly, plaintiff presents conflicting responses as to whether he has filed grievances on the aforementioned issues in his complaint. *See* Dkt. 1 at 1-2. He answers "YES" to the following question: "Is last level to which you appealed the highest level of appeal available to you?" *Id.* at 2. However, when asked to explain if he "did not pursue any level of appeal," he answers as follows: "1. Informal appeal: Because I never received any answer back from them since 12-31-21 and 6-12-22." *Id.* at 1. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff must provide more information why this case should not be dismissed without prejudice so he can properly exhaust his claims.

        **d.**        **Summary**

In sum, because it appears possible that plaintiff may be able to correct the aforementioned deficiencies, the Court DISMISSES his claims against the named defendants with leave to amend to correct such deficiencies. Plaintiff must elaborate on all the aforementioned claims and specifically link defendants to his claims. In an Amended Complaint, plaintiff must identify the specific jail officials involved in the alleged acts of denial of access to the courts, and he must describe how their actions violated his constitutional rights. Plaintiff should also indicate if he is a pretrial detainee or a convicted prisoner, and he must carefully indicate the specific dates of any alleged constitutional violation.

## III. CONCLUSION

For the foregoing reasons, the Court orders:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

8

        b.      Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

        c.      Alleges only those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, because plaintiff may not list everything that has happened to him at MADF that he finds objectionable, the Amended Complaint may only allege claims that:

              i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

              ii.      Present questions of law or fact common to **all defendants**;

        d.      States specifically **how each defendant** is directly liked to plaintiff's claims;

        e.      **Names supervisorial liability defendants** who committed an affirmative act, and is not linked solely in his or her supervisory capacity, or against whom plaintiff can allege facts that would establish either supervisorial or municipal liability;

        f.      Names **doe defendants** (unnamed defendants) only if plaintiff can set forth specific facts showing how each of these doe defendants actually and proximately caused the deprivation of a federally protected right, and plaintiff must also provide to the Court the names of any of these **doe defendants**; and

        g.      Indicates: (1) if plaintiff is a **pretrial detainee** or a **convicted prisoner**; and (2) the **specific dates** of any alleged constitutional violation.

    2.      Plaintiff shall have **twenty-eight (28) days** from the date of this Order to file an Amended Complaint that complies with the Court's above orders.

He must indicate the case number for this action—Case No. 22-cv-00811-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces all previously-filed complaints, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If plaintiff wishes to attach any additional pages to the civil

9

rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

**Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send plaintiff a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated: May 15, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge