UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN L. CERVANTES,

    Plaintiff,

    v.

DALIZU ELSEN, et al.,

    Defendants.

Case No. 23-cv-00811-AMO (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff Adrian L. Cervantes, who is currently incarcerated at the Sonoma County Main Adult Detention Facility ("MADF"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement. On May 15, 2023, the Court reviewed Cervantes's complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend within twenty-eight days, with various instructions to correct certain deficiencies. The Court provided Cervantes with the rules regarding various pleading requirements. The Court also granted Cervantes leave to proceed *in forma pauperis* ("IFP"). Dkt. 7.

Cervantes has since filed an amended complaint (Dkt. 11), which the Court now reviews under 28 U.S.C. § 1915A.

Venue is proper in this judicial district because the events giving rise to the claim are alleged to have occurred at MADF, which is located here. *See* 28 U.S.C. § 1391(b). Cervantes names the following defendants: "Wellpath Medical"; Wellpath Physician Dalizu Elsen; and "Sonoma Co[unty] Main Jail." Dkt. 1 at 1-2.[1] Cervantes seeks monetary damages. *Id.* at 4.

For reasons stated below, the Court again dismisses Cervantes's amended complaint with

---

[1] Page number citations refer to those assigned by the Court's electronic case-management filing ("ECF") system and not those assigned by the plaintiff.

leave to amend. Cervantes may file a second amended complaint that complies with the necessary pleading requirements.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he undertakes an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. *Jett*, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (concluding that a supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

### B. Legal Claims

Cervantes's amended complaint focuses only on the named Defendants' alleged deliberate indifference to his medical needs, which seems to be based on "medical malpractice/unethical medical treatment." Dkt. 11 at 2. He states as follows: "I have been a victim of medical neglect – medical mistreatment and because I cannot pay – the State of Calif[ornia] Justice System will not hear my case as a citizen." *Id*. However, he does not elaborate any further. In his initial complaint, Cevantes claimed that the named Defendants "failed to give him proper treatment for his 'critical conditions.'" Dkt. 1 at 2-3. In its May 15, 2023 Order, the Court noted that Cervantes "faile[d] to specify the ailment/injury causing his 'critical conditions' or to elaborate on what treatment he expected to receive from these defendants." Dkt. 8 at 5 (quoting Dkt. 1 at 2-3). In

3

his amended complaint, Cervantes again fails to provide necessary details as to his claim, including the date, location, and details on the alleged deliberate indifference. In addition, as explained below, his claim cannot proceed at this time, and thus it will be DISMISSED with further leave to amend.

First, the Court notes that aside from Defendant Elsen, Cervantes has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Nor does Cervantes link any of these unnamed defendants to his claims. Naming the "Sonoma Co[unty] Main Jail," *see* Dkt. 1 at 1-2, is not sufficient. Also, Cervantes attempts to list "Wellpath Medical," as a defendant, *see id.*, but he does not name any specific individuals other than Defendant Elsen. The Court surmises that "Wellpath Medical" might be the medical care provider at the jail. However, even if Cervantes named more specific "Wellpath Medical" staff members, in order to state a cognizable claim, he must, if he can, state that Defendant Elsen or the specific "Wellpath Medical" staff members were government employees. Otherwise, these defendants could be construed as private parties whose medical group had a contract to provide care to patients from MADF. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted). In other words, unless there was medical treatment to be provided by a prison physician employed by the state, there was no state action. *See West v. Atkins*, 487 U.S. 42, 54-55 (1988)). Thus, if Cervantes names such individuals as defendants, he must explain why these defendants are not private actors who cannot be held liable for any claim under the Eighth Amendment.

Second, there is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly"

4

establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009) (quoting *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570* (2007) (A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). Appropriate defendants would include the classification officers, the guards who supervised his daily activities, and the specific medical staff members who denied him medical and/or dental care, etc. As mentioned above, Cervantes also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability.

Lastly, Cervantes seems to indicate that he did submit a grievance as to the claim raised in his complaint by checking the box for YES when asked: "Is the last level to which you appealed the highest level of appeal available to you?" Dkt. 11 at 2. However, when asked to explain why he did not present his claim for review through the grievance procedure, he writes: "medical malpractice/unethical medical treatment." *Id.* Also, aside from listing "Grievance medical" under the "Informal appeal" section, Cervantes leaves blank all the areas where he was instructed to list "the appeal number and the date and result of the appeal at each level of review." *Id.* at 1-2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Cervantes must provide more information so that the Court can be sure this case should not be dismissed without prejudice so Cervantes can properly exhaust his claims.

In sum, because it appears possible that Cervantes may be able to correct the aforementioned deficiencies, the Court DISMISSES his amended complaint with leave to amend to correct such deficiencies. In his second amended complaint, Cervantes must name specific defendants, aside from naming Defendant Elsen. He must also elaborate on his deliberate indifference claim, specifically indicating the dates of any alleged constitutional violation, and specifically link any named defendants to his claims. If Cervantes names Defendant Elsen again along with any other specific "Wellpath Medical" staff as defendants, he should specify if they are government actors. Cervantes should also indicate if he is a pretrial detainee or a convicted

prisoner while he was in custody at MADF during the time frame at issue in this complaint.[2]

Finally, the second amended complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferred. Cervantes should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The second amended complaint should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those Defendants who are properly joined. Cervantes must also prove that he exhausted *all* of his claims against each Defendant before he filed this action.

### C. Request to Waive Filing Fee

Cervantes seems to be requesting that the Court "provide a fee waiver." Dkt. 11 at 2-3. Cervantes misunderstands the nature of IFP status. The statute says that being granted IFP status waives **pre-payment** of the filing fee. 28 U.S.C. § 1915(a)(1). It does not forgive the fee, however. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds *in forma pauperis*; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."); *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003) (finding that section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation).

When Cervantes initiated this action by filing his IFP application, he became liable for the filing fee. Thus, once the Court determined that Cervantes had intended to file the instant civil rights action, he was granted leave to proceed IFP. Dkt. 7. The Court finds that there is no valid ground to waive the filing fee in this action. Accordingly, Cervantes's request to waive the filing fee is DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

---

[2] In its May 15, 2023 Order, the Court directed Cervantes to supply this same information and indicate if he is a pretrial detainee or a convicted prisoner, but to date he has not done so. *See* Dkt. 8 at 4-5 (explaining reasons why the Court required Cervantes to indicate whether he was a pretrial detainee or a convicted prisoner).

1. The amended complaint is DISMISSED with leave to amend, as indicated above. The Court repeats its instructions on how to properly amend his claims, which is taken from its May 15, 2023 Order of Dismissal With Leave to Amend, *see* Dkt. 8 at 8-9, with an additional instruction in italics.

Cervantes's amended complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** second amended complaint ("SAC") which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of the plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

    b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

    c. Alleges only those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, because the plaintiff may not list everything that has happened to him at MADF that he finds objectionable, the SAC may only allege claims that:

        i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

        ii. Present questions of law or fact common to **all defendants**;

    d. States specifically **how each defendant** is directly linked to the plaintiff's claims;

    e. **Names supervisorial liability defendants** who committed an affirmative act, and is not linked solely in his or her supervisory capacity, or against whom the plaintiff can allege facts that would establish either supervisorial or municipal liability;

    f. Names **doe defendants** (unnamed defendants) only if the plaintiff can set

7

forth specific facts showing how each of these doe defendants actually and proximately caused the deprivation of a federally protected right, and the plaintiff must also provide to the Court the names of any of these **doe defendants**;

      g.     Indicates: (1) if the plaintiff is a **pretrial detainee** or a **convicted prisoner**; and (2) the **specific dates** of any alleged constitutional violation; and

      *h.     Names **specific "Wellpath Medical" staff**, describes how their actions violated his constitutional rights, and specifies if they are (including Defendant Elsen) **government actors or private parties**.*

      2.     Within **twenty-eight (28) days** from the date of this Order, the plaintiff shall file his SAC as set forth above. The plaintiff must use the attached civil rights form, write the case number for this action—Case No. 23-cv-00811-AMO (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the SAC completely replaces the original and amended complaints, the plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from either the original or amended complaints by reference. If the plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Cervantes's failure to file his SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

      3.     It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the

*pro se* party indicating a current address.  *See* L.R. 3-11(b).

        4.        Cervantes's request to waive the filing fee is DENIED.  *See* Dkt. 11 at 2-3.

        5.        The Clerk of the Court shall send the plaintiff a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated:  November 14, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**