UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIAN L. CERVANTES,

Plaintiff,

v.

DALIZU ELSEN,

Defendant.

Case No. 23-cv-00811-NW

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT GRANT TERMINATING SANCTIONS, REQUESTING ADDITIONAL BRIEFING, AND SETTING ASIDE DISPOSITIVE MOTION DEADLINE**

Re: ECF No. 37

On March 17, 2026, Defendant Elsen Dalizu filed a notice that Plaintiff Adrian L. Cervantes failed to respond to her discovery requests despite this Court's order compelling him to do so. *See* ECF No. 37 at 2.  The Court now **ORDERS** Cervantes to **SHOW CAUSE** why it should not grant terminating sanctions, requests additional briefing as set forth below, and **SETS ASIDE** the dispositive motion deadline.

I.      **BACKGROUND**

On January 14, 2026, Dalizu filed a motion to compel.  *See* ECF No. 34.  In her motion, Dalizu provided evidence showing that she served Cervantes with interrogatories and requests for production of documents on August 26, 2025, and November 4, 2025, with the latter request going to Cervantes at his new address at Mule Creek State Prison.[1]  In the November 4, 2025 letter

---

[1] The California Department of Corrections and Rehabilitation's ("CDCR") Inmate Locator is a public record and a proper subject for judicial notice.  *See United States v. Lucas*, 841 F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of publicly available information from the Federal Bureau of Prisons inmate locator); *United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (same).  Thus, the Court takes judicial notice of CDCR's online inmate locator page for Adrian Cervantes, #BY2871, which reflects Mule Creek State Prison as Cervantes' current location.  *See* CDCR Inmate Locator, https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BY2871 (last visited April 1, 2026).

United States District Court
Northern District of California

accompanying Dalizu's discovery request, defense counsel warned Cervantes that failure to respond by November 18, 2025 would result in their filing of a motion to compel with this Court. Cervantes did not respond to the discovery request or file an opposition to the motion to compel discovery.

On February 11, 2026, this Court granted Dalizu's motion to compel discovery, and ordered Cervantes to respond to Dalizu's discovery requests within 30 days. *See* ECF No. 36. Cervantes was also warned that failure to do so would place him at risk for the assessment of sanctions, including dismissal of this lawsuit. *See* Fed. R. Civ. P. 37(d)(1)(A), (d)(3); *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470–73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure).

Per Dalizu's March 17, 2026 notice, Cervantes has not responded to her discovery requests. As of the filing of this order, the Court has not received any response or explanation from Cervantes. Dalizu argues that the lack of discovery has interfered with her ability to litigate this matter, and has informally requested that this Court dismiss the lawsuit.

## II.    DISCUSSION

Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, up to dismissal of part or all of the party's claims, and Rule 37(d)(3) authorizes the same sanctions against a party who fails to respond to interrogatories or requests for production.

But, terminating sanctions are considered severe. In considering the appropriateness of terminating sanctions under Federal Rule of Civil Procedure 37(b)(2), the Court considers the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

United States District Court
Northern District of California

2

Potential lesser sanctions include, but are not limited to, barring of certain evidence, monetary sanctions, or warnings that a case may dismissed for failure to comply with further court orders. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132, n.1 (9th Cir. 1987) (discussing potential less drastic alternatives); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331–32 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) (same). Moreover, in determining whether a defendant has been prejudiced, courts should examine whether the plaintiff's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "Failure to produce documents as ordered is considered sufficient prejudice." *Id.* "The law also presumes prejudice from unreasonable delay." *In re Phenylpropanolamine Products Liability Litigation,* 460 F.3d 1217, 1227 (9th Cir. 2006).

Given Cervantes' failure to respond to Dalizu's discovery requests, motion to compel, or comply with the Court's order compelling him to respond to discovery, the Court is prepared to consider terminating sanctions upon further briefing as outlined below.

## III. CONCLUSION

After careful consideration, the Court orders as follows:

1. Cervantes is **ORDERED TO SHOW CAUSE** why the Court should not impose terminating sanctions pursuant to Rule of Civil Procedure 37. **Cervantes must respond to this order to show cause within 28 days.** In his response, Cervantes must explain his failures to (1) respond to Dalizu's discovery requests, (2) oppose Dalizu's motion to compel, and (3) comply with the Court's order to compel. Cervantes must also discuss the factors noted above. **Failure to respond to this order to show cause may result in the Court's imposition of sanctions, including the dismissal of this lawsuit with prejudice.** *See* Fed. R. Civ. P. 37(b)(2), (d)(3). Cervantes must serve a copy of his response to the order to show cause upon Dalizu by mailing a copy to her attorney of record. Dalizu may file a reply to Cervantes' response to the order to show cause within 14 days of service.

2. If Cervantes does not file a timely response to the order to show cause, Dalizu is **ORDERED** to file, within 28 days of the deadline, a brief discussing the propriety of the terminating sanctions she informally requested in her March 17, 2026 notice.

3. The Court's dispositive motion deadline of June 15, 2026, is **VACATED** pending further briefing.

**IT IS SO ORDERED.**

Dated: April 2, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

4