UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN L. CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>DALIZU ELSEN,<br><br>Defendant. | Case No. 23-cv-00811-NW<br><br>**ORDER GRANTING DEFENDANT'S RULE 37 REQUEST FOR TERMINATING SANCTIONS, DISMISSING MATTER WITH PREJUDICE**<br><br>Re: ECF No. 39 |

On April 2, 2026, the Court issued an order notifying Plaintiff Adrian L. Cervantes that he failed to comply with this Court's order compelling him to provide Defendants with discovery, and ordering him to show cause, within 28 days, why the Court should not grant terminating sanctions in this matter. *See* ECF No. 38. More than two months later, Cervantes has not responded to Defendant Elsen Dalizu's discovery requests, the Court's order to show cause, or Dalizu's request that this Court dismiss this matter. Upon careful consideration, the Court **GRANTS** the request for terminating sanctions under Federal Rule of Civil Procedure 37 and **DISMISSES** this matter **WITH PREJUDICE**.

## I. BACKGROUND

This matter was initially filed on February 23, 2023. *See* ECF No. 1. Cervantes' complaints were dismissed with leave to amend multiple times, and on July 8, 2025, the Court served the operative Amended Complaint. *See* ECF No. 27. On January 14, 2026, Dalizu filed a motion to compel. *See* ECF No. 34. In her motion, Dalizu provided evidence showing that she served Cervantes with interrogatories and requests for production of documents on August 26, 2025 and November 4, 2025, with the latter request going to Cervantes at his new address at Mule

United States District Court
Northern District of California

Creek State Prison.[1]  In the November 4, 2025 letter accompanying Dalizu's discovery request, defense counsel warned Cervantes that failure to respond by November 18, 2025, would result in their filing of a motion to compel with this Court.  Cervantes neither responded to the discovery request nor filed an opposition to the motion to compel discovery.

On February 11, 2026, after Cervantes failed to respond to the discovery requests, this Court granted Dalizu's motion to compel discovery, and ordered Cervantes to respond to Dalizu's discovery requests within 30 days.  *See* ECF No. 36.  The Court also warned Cervantes that failure to do so would place him at risk for the assessment of sanctions, including dismissal of this lawsuit.  *See* Fed. R. Civ. P. 37(d)(1)(A), (d)(3).  Per Dalizu's March 17, 2026 notice, Cervantes did not respond to her discovery requests.  As noted, on April 2, 2026, the Court issued an order to show cause directing Cervantes to explain his failure to comply with the Court's order to compel. ECF No. 38.  The Court's April 2, 2026 order again warned Cervantes that his failure to comply with the Court's order may result in the imposition of sanctions, including possible dismissal of his case with prejudice.  *Id.* at 3.  Following Cervantes' failure to respond to the order to show cause, Dalizu formally requested that this Court dismiss the lawsuit.  *See* ECF Nos. 37, 39. Cervantes did not file an opposition or otherwise communicate with the Court.

## II.     DISCUSSION

Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, up to dismissal of part or all the party's claims, and Rule 37(d)(3) authorizes the same sanctions against a party who fails to respond to interrogatories or requests for production.

Terminating sanctions are considered severe and are generally disfavored.  In considering the appropriateness of terminating sanctions under Federal Rule of Civil Procedure 37(b)(2), the

---

[1] The California Department of Corrections and Rehabilitation's ("CDCR") Inmate Locator is a public record and a proper subject for judicial notice.  *See United States v. Lucas*, 841 F.3d 796, 802 (9th Cir. 2016) (taking judicial notice of publicly available information from the Federal Bureau of Prisons inmate locator); *United States v. Basher*, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (same).  The Court takes judicial notice of CDCR's online inmate locator page for Adrian Cervantes, #BY2871, which reflects Mule Creek State Prison as Cervantes' current location.  *See* CDCR Inmate Locator, https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BY2871 (last visited June 12, 2026).

United States District Court
Northern District of California

Court considers the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  Potential lesser sanctions include, but are not limited to, barring of certain evidence, monetary sanctions, or warnings that a case may dismissed for failure to comply with further court orders.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132, n.1 (9th Cir. 1987) (discussing potential less drastic alternatives); *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1331–32 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir. 1987) (same).  In determining whether a moving party has been prejudiced, courts should examine whether the party that failed to comply with a motion to compel has "impair[ed] the defendant's ability to go to trial or threaten[s] to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).  "Failure to produce documents as ordered is considered sufficient prejudice." *Id.*  "The law also presumes prejudice from unreasonable delay." *In re Phenylpropanolamine Prods. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006).

Here, given Cervantes' failure to respond to Dalizu's discovery requests, motion to compel, and request for terminating sanctions—as well as his failure to comply with the Court's order compelling him to respond to discovery and the Court's order to show cause—the Court agrees with Dalizu and finds that terminating sanctions are warranted.  As to the first two applicable factors, *i.e.*, the public's interest in expeditious resolution of litigation and the Court's need to manage its own docket, *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096, the Court notes that the operative Amended Complaint in this matter was served on July 8, 2025, and the parties have had nearly one year to conduct discovery.  *See* ECF Nos. 27, 29.  Cervantes' refusal to acknowledge or respond to Dalizu's discovery requests or this Court's orders has delayed Dalizu's ability to file a dispositive motion, and Cervantes' failure to explain his actions suggests that the delays will continue.  These factors weigh in favor of terminating sanctions in this matter.

As to the third factor, the public policy favoring disposition of cases on their merits, the

3

Court notes that although this factor arguably weighs against terminating sanctions, the Court would likely be unable to dispose of this matter on the merits even if it denied the request for terminating sanctions.  As to this point, Dalizu argues, and Cervantes has not disputed, that Cervantes' failure to engage in the discovery process impeded her ability to "complete necessary litigation steps, including conducting [Cervantes'] deposition, retaining an expert, and preparing a motion for summary judgment."  ECF No. 32 at 2; *see In re PPA*, 460 F.3d at 1228 ("[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.  Thus, we have . . . recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.").  Accordingly, this factor weighs only slightly against terminating sanctions.

As to the fourth factor, whether Dalizu might be prejudiced in the absence of sanctions, the Court notes that a party's failure to "produce documents as ordered is considered sufficient prejudice" as a matter of law.  *In re PPA*, 460 F.3d at 1227; *see Sanchez*, 298 F.R.D. at 465.  Where the party facing the possible sanctions fails to provide an excuse for his noncompliance with court-ordered discovery, the rebuttable presumption of prejudice stands.  *See Sanchez*, at 465.  Here, Cervantes has provided no explanation for his delay; in addition, Dalizu has alleged specific prejudice to her ability to litigate this matter in the absence of the discovery at issue.  *See* ECF No. 32 at 2.  This factor therefore weighs in favor of terminating sanctions.  *See Conn. Gen. Life Ins. Co*., 482 F.3d at 1097 ("What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations threaten to interfere with the rightful decision of the case.") (citation modified).

The fifth factor, whether any less drastic sanctions are available, also weighs heavily in favor of terminating sanctions.  Analysis of this factor "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal."  *Valley Engineers, Inc. v. Electric Engineering Co*., 158 F.3d 1051, 1057 (9th Cir. 1998).  Although the Court understands that terminating sanctions are severe, the Court has already attempted less drastic alternatives,

United States District Court
Northern District of California

United States District Court
Northern District of California

including ordering Cervantes to participate in the discovery process, warning Cervantes multiple times that his case might be dismissed if he failed to communicate with the Court or comply with the Court's orders, and expressly ordering him explain why he has not participated in the discovery process prior to entertaining Dalizu's request for terminating sanctions. *See* ECF Nos. 27, 36, 38; *Malone*, 833 F.2d at 132–33 (noting that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the requirement that a court consider alternatives prior to granting terminating sanctions). Despite the Court's repeated attempts to provide Cervantes an opportunity to comply with its orders and explain what happened, Cervantes has not communicated with the Court since October 2025—more than eight months as of the filing of this Order. Moreover, because Cervantes is before the Court *in forma pauperis*, monetary sanctions are effectively unavailable. *See Sanchez v. Rodriguez*, 298 F.R.D. 460, 466 (C.D. Cal. 2014) (finding that monetary sanction would be futile where prisoner-plaintiff was proceeding *in forma pauperis* and would be unable to pay any monetary sanction).

Given Cervantes' failure to respond to the filings in this case, failure to comply with the Court's discovery orders, and Dalizu's representations to the Court regarding her inability to litigate this matter without Cervantes' responses, the Court is unaware of viable less-drastic alternatives. *See, e.g.*, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116–17 (9th Cir. 2004) (holding that "in light of [a party's] continued willful disobedience [of the court's orders], the . . . judge could reasonably conclude that additional lesser sanctions would be pointless"); *Pappas v. Rojas,* No. 13-cv-3491-CJC, 2013 WL 6145141, *4 (C.D. Cal. Nov. 21, 2013) ("Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney's fees . . . . In the instant case, however, each of these possibilities is either inappropriate for a *pro se* litigant proceeding *in forma pauperis* . . . or has already been employed with no apparent effect."). The Court therefore grants terminating sanctions in this matter.

## III.   CONCLUSION

After careful consideration, the Court orders as follows:

1. Dalizu's request for Rule 37 terminating sanctions (ECF No. 39) is **GRANTED**.

2.  This matter is **DISMISSED WITH PREJUDICE** as a sanction pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

3.  The Clerk shall close the file.  A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: June 17, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

6